UNITED STATES DISTRICT COURT
NONRTHERN DISTRICT OF OHIO
------------------------------------------------------
                                              :
UNITED STATES OF AMERICA      :      CASE NO. 4:00-CR-007
                                              :
        Plaintiff,                    :
                                              :
  vs.                                   :      ORDER AND OPINION
                                              :      [Resolving Doc. No. 68]
ANTHONY SOUTHARD,              :
                                              :
        Defendant-Petitioner.         :
                                              :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is Petitioner Anthony Southard's motion to vacate the Court's judgment against him [Doc. 68]. The Petitioner argues that Federal Rule of Civil Procedure 60(b)(4) and the *Rooker-Feldman* doctrine deprive this Court of jurisdiction over the subject matter. The Government opposes Southard's motion [Doc. 70]. For the reasons discussed below, the Petitioner's motion is DENIED.

**I. Background**

On December 10, 1999, Mahoning Valley police officers stopped the Petitioner for a traffic violation [Case No. 4:02-CV-1519 Docs. 1, 2]. During the stop, they conducted a pat-down search and discovered a large amount of crack cocaine. [Doc. 37 52-55.] The Petitioner pled not guilty to the traffic violation in state court, and the state prosecutor ultimately dropped the charges. *Id.* at 4.

On January 7, 2000, a federal grand jury indicted the Petitioner for possession with the intent to distribute crack cocaine. On February 1, 2000, he filed a motion to suppress the cocaine obtained during the traffic stop [Docs. 7, 13]. On March 31, 2000, this Court held a hearing and

Case No. 4:00-CR-007
Gwin, J.

denied the motion, finding that the seizure was not excessive under *Terry v. Ohio*, 392 U.S. 1 (1968) [Docs. 34, 41]. On April 10, 2000, the Petitioner entered into a plea agreement under which he reserved his right to appeal the outcome of the suppression hearing [Doc. 39]. On appeal, the Sixth Circuit affirmed this Court's ruling. *United States v. Southard,* 20 Fed. Appx. 304, 2001 WL 1141397 (6th Cir. Sept. 17, 2001).

On August 2, 2002, the Petitioner filed a motion to vacate his sentence pursuant to 18 U.S.C. § 2255, alleging that this Court lacked subject matter jurisdiction over the state traffic issue which, he said, was central to the federal cause of action [Case No. 4:02-CV-1519 Doc. 1]. On October 30, 2003, this Court denied the Petitioner's motion [Case No. 4:02-CV-1519 Doc. 12]. The Court determined that under 18 U.S.C. § 3231, it had original, exclusive jurisdiction over the claims arising under federal law. Therefore, this Court determined, the Court had proper subject matter jurisdiction over the three federal drug charges against the Petitioner. *Id.* at 8.

On February 17, 2006, the Petitioner filed the current motion for relief from the judgment, claiming that it was void for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine [Doc. 68]. On April 14, 2006, the United States filed a brief in opposition [Doc. 70]. On April 25, 2006, the Petitioner filed a response [Doc. 71].

**II. Legal Standard**

The *Rooker-Feldman* doctrine bars federal district courts from obtaining subject matter jurisdiction over federal issues whose resolution would reverse or modify a state court's judgment on a state law question. *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). The doctrine does not generally preclude federal judgment where the parties lacked a reasonable opportunity to litigate the issues in state court. *See Wood v. Orange*

Case No. 4:00-CR-007
Gwin, J.

*County*, 715 F.2d 1543, 1547 (11th Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984).  The Supreme Court, however, recently limited the reach of the doctrine.  The Court made clear that *Rooker-Feldman* only prevents a party from filing suit in a federal district court to recover for injuries caused by a state court judgment.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 284 (2005).  Beyond that limited application, the Court held that *res judicata* governs the preclusive effect of state judgments over federal litigation.  *Id.*  In *Exxon Mobil*, the Court reasoned that broader application of *Rooker-Feldman* would eviscerate concurrent jurisdiction: "When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court . . . neither *Rooker* nor *Feldman* supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains *sub judice* in a federal court."  *Id.* at 292-93.

With this standard in mind, the Court addresses the parties' arguments over the present motion.

### III. Analysis

**A.  *Rooker-Feldman* Doctrine**

The Petitioner argues that because he was never found guilty of the traffic violation, the *Rooker-Feldman* doctrine compelled this Court to find that the stop was pretextual, therefore barring admission of the narcotics found during the search.  (Mot. Vacate 8.)  The Petitioner essentially implies that because the state action against him was dropped, the evidence seized during the course of the search is inadmissible.  *Id.*  Therefore, he reasons, this Court's decision to admit the seized evidence amounts to a contrary adjudication of the state-law traffic violation.  *Id.*

However, as this Court held at the suppression hearing, only the reasonableness of the

-3-

Case No. 4:00-CR-007
Gwin, J.

officers' conduct determines whether the seized evidence is admissible. (Suppression Hr'g Tr. 130-32.) This reasonableness standard is consistent with prevailing search and seizure jurisprudence. Accordingly, the result of the state court proceeding is irrelevant to the admissibility question. *See generally Terry v. Ohio*, 392 U.S. 1 (1968). Moreover, in light of *Exxon Mobil*, the Petitioner's reliance on *Rooker-Feldman* is misplaced, as he does not seek recovery for injuries caused by an adverse state judgment.

**B. Subject Matter Jurisdiction**

When considered independently of the Petitioner's *Rooker-Feldman* argument, his subject matter jurisdiction challenge still fails. In his February 17, 2006 motion, the Petitioner argues that "*res judicata* does not preclude litigation" of his claim because "parties cannot waive into or consent to subject matter jurisdiction." (Mot. Vacate 2.)

This argument seems to confuse the doctrines of non-waivable defenses and *res judicata*. The fact that parties may not waive subject-matter jurisdiction defenses means only that the challenge may be raised at any time during the litigation. *See* Fed. R. Civ. P. 12(h). *Res judicata*, in contrast, prevents relitigation of issues that a court has already resolved. *See Montana v. United States*, 440 U.S. 147, 152-53 (1979); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). That subject matter jurisdiction is non-waivable does not entitle a litigant to raise it *ad infinitum* once a court has made a final determination on the issue. Here, the Court has already considered (and rejected) the Petitioner's subject matter jurisdiction argument. That judgment thus stands as *res judicata* against his raising the issue again. Accordingly, the Petitioner may not challenge that determination again in a Rule 60(b) motion.

-5-

Case No. 4:00-CR-007
Gwin, J.

## IV. Conclusion

For the reasons stated above, the Court holds that the Court has exercised proper subject matter jurisdiction over these proceedings. Therefore, the Petitioner's motion is **DENIED**.

IT IS SO ORDERED.


Dated: July 20, 2006             s/ *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE