UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
                                            :
ANTHONY SOUTHARD,                           :   CASE NO. 4:00-CR-007 (Also Docketed
                                            :   in Related Case No. 4:02-CV-1519)
         Petitioner,                        :
                                            :
vs.                                         :
                                            :   [Resolving Docs. No. 72, 73, 75]
UNITED STATES OF AMERICA,                   :
                                            :
         Respondent.                        :
                                            :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Anthony Southard has filed a notice of appeal, Doc. 73, and moves the Court for leave to appeal *in forma pauperis*, Doc. 75. For the reasons set forth below, the Court **CERTIFIES** that, pursuant to 28 U.S.C. Section 1915(a)(3), an appeal from its July 26, 2006 decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). Furthermore, because an appeal cannot be taken in good faith, the Court **DENIES** the Petitioner's motion to pursue such appeal *in forma pauperis*.

I. Background and Discussion

On January 7, 2000, a federal grand jury indicted the Petitioner for possession with the intent to distribute crack cocaine. On February 1, 2000, the Petitioner filed a motion to suppress the cocaine obtained during the traffic stop. [Docs. 7, 13]. On March 31, 2000, the Court held a hearing and denied the motion, finding that the seizure was not excessive under *Terry v. Ohio*, 392 U.S. 1

-1-

Case No. 4:00-CR-007
Gwin, J.

(1968). [Docs. 34, 41]. On April 10, 2000, the Petitioner entered into a plea agreement under which he reserved his right to appeal the outcome of the suppression hearing. [Doc. 39]. On appeal, the Sixth Circuit affirmed the Court's ruling. *See United States v. Southard*, 20 Fed. Appx. 304, 2001 WL 1141397 (6th Cir. Sept. 17, 2001).

On August 2, 2002, the Petitioner moved the Court to vacate his sentence pursuant to 18 U.S.C. Section 2255, alleging that the Court lacked subject matter jurisdiction over the state traffic issue which, he said, was central to the federal cause of action. [Case No. 4:02-CV-1519, Doc. 1]. On October 30, 2003, the Court denied the Petitioner's motion. [Case No. 4:02-CV-1519, Doc. 12]. On February 17, 2006, the Petitioner moved for relief from the judgment, claiming that it was void for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. [Doc. 68]. On July 20, 2006, the Court issued an Opinion and Order that denied the Petitioner's motion to vacate its judgment against him on the basis of *res judicata*. [Doc. 72].

On July 31, 2006, the Petitioner filed a notice of his intent to appeal the Court's July 20, 2006 judgment against him. [Doc. 73]. The Court is required to assess whether the Petitioner has grounds for appeal and whether the Court would grant a Certificate of Appealability. The Court has made such assessment and finds the Petitioner's complaint remains barred by the doctrine of *res judicata* and finds no good reason for appeal.

## II. Conclusion

Accordingly, the Court **CERTIFIES**, pursuant to 28 U.S.C. Section 1915(a)(3), that an appeal from its July 26, 2006 decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). Furthermore, because an appeal cannot be taken in good faith, the Court **DENIES** the Petitioner's

-2-

Case No. 4:00-CR-007
Gwin, J.

motion to pursue such appeal *in forma pauperis*.

    IT IS SO ORDERED.


Dated: September 5, 2006          s/ *James S. Gwin*
                                                                 JAMES S. GWIN
                                                                  UNITED STATES DISTRICT JUDGE